UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY R. PENNEBAKER,

        Petitioner,

                                          CASE NO. 16-CV-11783
v.                                             HONORABLE MARK A. GOLDSMITH

SHERMAN CAMPBELL,

        Respondent.
_____/

**OPINION AND ORDER
(1) DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT
PREJUDICE, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3)
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Following a jury trial in Jackson County Circuit Court in Michigan, Petitioner Danny R. Pennebaker was convicted of two counts of assault with intent to rob while armed, Mich. Comp. Laws § 750.89; and two counts of assault with a dangerous weapon (felonious assault), Mich. Comp. Laws. MICH. COMP. LAWS § 750.82. In 2014, Petitioner was sentenced, as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of 14 years and 3 months to 25 years' imprisonment on the assault with intent to rob convictions, and 8 to 15 years' imprisonment on the assault with a dangerous weapons convictions.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, asserting that trial counsel was ineffective for admitting Petitioner's guilt of the lesser offense and raising several sentencing claims. The Michigan Court of Appeals denied relief on his ineffective assistance of counsel claim, but granted relief on one of his sentencing claims and remanded the case to the trial court for resentencing. People v.

Pennebaker, No. 322117, 2015 WL 6439047 (Mich. Ct. App. Oct. 22, 2015). The Michigan Supreme Court recently denied leave to appeal in a standard order. People v. Pennebaker, 877 N.W.2d 892 (Mich. 2016).

Petitioner submitted his federal habeas petition to prison officials for mailing on May 16, 2016, and it was filed by this Court on June 2, 2016. In his pleadings, Petitioner raises the same ineffective assistance of trial counsel claim that he presented to the Michigan Court of Appeals on direct appeal, as well as claims concerning the use of standby counsel and victim perjury. Petitioner indicates that his standby counsel and perjury claims may not be exhausted, and requests that, if the Court finds them to be unexhausted, the Court amend his petition to include only the exhausted ineffective assistance of counsel claim.

For the reasons stated below, the Court finds that the instant petition is premature and must be dismissed. The Court also finds that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## II.  ANALYSIS

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Id., Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. Carson v. Burke, 178 F.3d 434, 436-437 (6th Cir. 1999).

In this case, the habeas petition must be dismissed because it is premature. Petitioner's

convictions are not yet final given that the Michigan Court of Appeals vacated his sentences and remanded his case to the state trial court for re-sentencing.  See Burton v. Stewart, 549 U.S. 147, 156-157 (2007) (ruling that when a state court affirms a conviction on direct review, but remands for resentencing, the judgment of conviction does not become final, for purposes of the statute of limitations, until the completion of direct review from the new judgment of sentence and citing Berman v. United States, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence.  The sentence is the judgment")); Rashad v. Lafler, 675 F.3d 564, 567-578 (6th Cir. 2012) (discussing Burton).  The state trial court calendar indicates that Petitioner is awaiting re-sentencing, which is now scheduled for June 30, 2016.  See Jackson Co. Cir. Ct., Case No. 13004717 FC 38, available at http://50.200.246.163/c12/c12_cases_detail.php?caseno=13004717+FC+38&path=2&SID/.  Petitioner will then have the opportunity to appeal that decision in the state appellate courts.  Petitioner cannot proceed on federal habeas review until his convictions and sentences are finalized in the state courts.   His federal habeas petition is, therefore, premature and must be dismissed.

      Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484-485 (2000).  Reasonable jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, the Court denies a certificate of appealability.  The Court also denies leave to proceed in forma pauperis on appeal,

as an appeal cannot be taken in good faith.  See Fed. R. App. P. 24(a).

### III.  CONCLUSION

For the reasons stated above, the Court dismisses the petition for a writ of habeas corpus without prejudice, and denies a certificate of appealability and leave to proceed in forma pauperis on appeal.  The Court does not retain jurisdiction over this matter.  Should Petitioner wish to pursue federal habeas review after re-sentencing and the exhaustion of state-court remedies, he must file a new habeas petition.   This case is closed.

SO ORDERED.

Dated:  June 3, 2016  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 3, 2016.

s/Karri Sandusky  
Case Manager